IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| TECH USA, INC., | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No. 08-cv-0556-BEL |
| | * | |
| J. SCOTT EVANS, *et al.*, | * | |
| | * | |
| Defendants | * | |
| | * | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Defendants, J. Scott Evans and Placement Solutions, Inc, hereby file, through their undersigned attorneys, this Answer to Plaintiff's Complaint for Injunctive and Other Relief.

**JURISDICTION AND VENUE**

1. Defendants are without sufficient facts to either admit or deny the allegations in Paragraph 1 and, therefore, deny the allegations in Paragraph 1.

2. Defendants admit the first three sentences of Paragraph 2 and deny the remaining allegations in Paragraph 2

3. Defendants admit that Defendant Evans is an individual who resides in Texas. To the extent not admitted, the allegations in Paragraph 3 are denied.

4. Defendants admit the allegations in Paragraph 4 except that the address is not the residence address of Defendant Evans.

5. Defendants admit that Defendant Evans signed a Confidentiality/ Non-Competition Agreement attached to Plaintiff's Complaint. To the extent not admitted, the allegations in Paragraph 5 are denied.

6. Defendants admit that the court has subject matter jurisdiction. To the extent not admitted, the allegations in Paragraph 6 are denied.

7. Defendants admit the allegations in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8.

## THE CONTROVERSY

9. Defendants admit the allegations in Paragraph 9 except for the allegation that Defendant Evans was an at-will employee which Defendants deny.

10. Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 10 and, therefore, deny the allegations in Paragraph 10

11. Defendants admit that Defendant Evans was brought on by Plaintiff to develop its professional services vertical. To the extent not admitted, the allegations in Paragraph 11 are denied.

12. Defendants deny the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants admit that they took information off of the computer that belonged to them. To the extent not admitted, the allegations in Paragraph 16 are denied.

17. Defendants deny the allegations in Paragraph 17

18.     Defendants deny the allegations in Paragraph 18.

19.     Defendants deny the allegations in Paragraph 19.

20.     Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 20 and, therefore, deny the allegations in Paragraph 20.

21.     Defendants admit that the quoted language is from the contract attached to the Complaint.  To the extent not admitted, Defendants deny the allegations in Paragraph 21.

22.     Defendants admit that the quoted language is from the contract attached to the Complaint.  To the extent not admitted, Defendants deny the allegations in Paragraph 22.

23.     Defendants admit that the quoted language is from the contract attached to the Complaint.  To the extent not admitted, Defendants deny the allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 25 and, therefore, deny the allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26.

27.     Defendants deny the allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28.

29.     Defendants admit that Defendant Evans had access to Plaintiff's data base with a user name and password.  The Defendants do not have sufficient information to

admit or deny the remaining allegations in Paragraph 29 and, therefore, deny those remaining allegations in Paragraph 29.

30.     Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 30 and, therefore, deny the allegations in Paragraph 30.

## COUNT I
## Tortious Interference – Both Defendants

31.     Defendants incorporate their answers to Paragraphs 1 – 30 as if they were fully set forth herein.

32.     Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 32 and, therefore, deny the allegations in Paragraph 32.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 34 and, therefore, deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37.

38.     Defendants deny the allegations in Paragraph 38.

Defendants deny that Plaintiff is entitled to relief as requested.

## COUNT II
## Breach of Contract (Post-Term Covenant Not-to-Interfere with Plaintiff's Servicing and Earning Revenue from Certain Customers)
## Defendant Evans only

39.     Defendants incorporate their answers to Paragraphs 1 – 38 as if they were fully set forth herein.

40. Defendants do not have sufficient information to either admit or deny the allegations in Paragraph 40 and, therefore, deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants admit that the quoted language is from the contract attached to the Complaint. To the extent not admitted, the Defendants deny the allegations in Paragraph 43 and particularly deny Plaintiff's characterization of the language as "penultimate."

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

Defendants deny that Plaintiff is entitled to relief as requested.

## COUNT III
**Breach of Contract (Post-Term Covenant Not to Solicit Employees)**
**Defendant Evans only**

46. Defendants incorporate their answers to Paragraphs 1 – 45 as if they were fully set forth herein.

47. Defendants admit that the quoted language is from the contract attached to the Complaint. To the extent not admitted, Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

Defendants deny that Plaintiff is entitled to relief as requested.

## COUNT IV
### Breach of Contract (Confidential Information)
### Defendant Evans only

53. Defendants incorporate their answers to Paragraph 1-52 as if they were fully set forth herein.

54. To the extent any facts, as opposed to legal conclusions are alleged in Paragraph 54, Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

Defendants deny that Plaintiff is entitled to relief as requested.

## COUNT V
### Statutory Trade Secret Misappropriation – Both Defendants

56. Defendants incorporate their answers to paragraph 1 through 55 as if they were fully set forth herein.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in the first sentence of Paragraph 58. Defendants are without sufficient information to either admit or deny the allegations in the second sentence of Paragraph 58, and, therefore, deny the allegations in the second sentence of Paragraph 58.

59. To the extent any facts, as opposed to legal conclusions are alleged in Paragraph 59, Defendants deny the allegations in Paragraph 59

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

Defendants deny that Plaintiff is entitled to relief as requested.

## COUNT VI
### Common Law Unfair Competition – Both Defendants

63. Defendants incorporate their answers to Paragraphs 1 – 62 as if they were fully set forth herein.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

Defendants deny that Plaintiff is entitled to relief as requested.

## COUNT VII
### Breach of Duty of Loyalty/Other Fiduciary Duties
### Defendant Evans only

66. Defendants incorporate their answers to Paragraph 1 – 65 as if they were fully set forth herein.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants admit that they took information off of the computer that belonged to them. To the extent not admitted, the allegations in Paragraph 68 are denied.

69. Defendants deny the allegations in Paragraph 69.

Defendants deny that Plaintiff is entitled to relief as requested.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this court enter judgment that Complainants take nothing, assess costs against Complainants, and award Defendants all other relief to which they are entitled.

## AFFIRMATIVE DEFENSES TO COMPLAINT

Having fully answered the Complaint, Defendants assert the following defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to a binding mediation and arbitration agreement requiring the legal causes of action above to be mediated and, if unsuccessful, submitted to an arbitrator.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by failure of consideration of the Confidentiality/Non-Competition Agreement. The individual defendant brought customer information, customer contacts and information, and industry expertise to the plaintiff upon being hired.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to allege sufficient facts to support a claim for punitive damages.

### FIFTH AFFIRMATIVE DEFENSE

The Confidentiality/Non-Competition Agreement is unenforceable because it presents an undue hardship upon the individual Defendant, is overly broad in both geography and time limitations and represents an illegal restraint of trade.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred by applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

At all times Defendants were acting in good faith, reasonably and lawfully.

### EIGHTH AFFIRMATIVE DEFENSE

The Confidentiality/Non-Competition Agreement is unenforceable because it lacks a protectable interest.

### NINTH AFFIRMATIVE DEFENSE

The Confidentiality/Non-Competition Agreement is unenforceable because it is contrary to public policy.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrines of duress, waiver and/or equitable estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants have breached no contract or duty owed Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its failure to mitigate damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compensatory and/or any other damages claimed.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert all or part of the claims set forth in the Complaint.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert any and all additional affirmative defenses which may be determined during the course of discovery.

Respectfully submitted,

_____/s/_____
Mark J. Swerdlin
Bar No. 04927
SHAWE & ROSENTHAL, LLP
20 South Charles Street, 11th Floor
Baltimore, MD  21201
Telephone:  (410) 752-1040
Facsimile:  (410) 752-8861

*Counsel for Defendants*

OF COUNSEL:

David F. Morris, Esq.
Morris Law Firm
14785 Preston Road, Suite 550
Dallas, TX  75254
Telephone:  (972) 789-5122
Facsimile:  (972) 789-5123


February 3, 2009

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of Defendants' Answer to Plaintiff's Complaint for Injunctive and Other Relief was served this 3rd day of February, 2009, via electronic filing, upon:

>Allan P. Hillman, Esq.
>Shipman & Goodman, LLP
>One Constitution Plaza
>Hartford, CT  06103
>
>Grover C. Outland, III
>Tech USA, Inc.
>8334 Veterans Highway
>Millersville, MD  21108

>  /s/
> Mark J. Swerdlin

#195102